UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE ANDERSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:13-cv-01912-TWP-TAB |
| ZATECKY[1], | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Jesse Anderson's (Mr. Anderson) Petition for Writ of Habeas Corpus. Mr. Anderson challenges a prison disciplinary proceeding identified as No. ISR 13-09-0082. For the reasons explained in this Entry, the Petition (Dkt. 1) must be **DENIED**.

## I. LEGAL STANDARD

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

---

[1] Dushan Zatecky is the Superintendent of the Pendleton Correctional Facility.

## II. BACKGROUND

On September 11, 2013, Correctional Officer Watkins wrote a Report of Conduct in case ISR 13-09-0082 charging Mr. Anderson with offense #106, Possession of a Dangerous and Deadly Weapon. The Report of Conduct states:

> On above stated time and date, I Officer Watkins, During shake down in room 102 upper of I complex's D building: Found two about 5 in inch sharp shank like weapons, one phone charger, two needles, and one battey-motor [sic]. In a light fixture above the sink in room, also one ink bottle Anderson, Jesse #861361 room mate [sic] Rogers, Christopher #181678 did state "that Found items are his"

*Id*. The sharp weapons, cell phone charger, bottle of ink, needles, and battery motor were all confiscated. On September 19, 2013, Mr. Anderson was notified of the charge of offense #106 and served with the Report of Conduct and the notice of disciplinary hearing screening report. Mr. Anderson was notified of his rights and pled not guilty. Mr. Anderson requested Offender Rogers as a witness and did not request any physical evidence.

On September 23, 2013, a hearing officer conducted a disciplinary hearing and found Mr. Anderson guilty of offense #106. Based on the hearing officer's recommendations, the following sanctions were approved: a written reprimand, six months disciplinary segregation, a one hundred eighty (180) day deprivation of earned credit time, and a demotion from credit class 2 to credit class 3. The hearing officer imposed the sanctions because of the seriousness of the offense, the frequency and nature of the offense, and the degree to which the violation disrupted and endangered the security of the facility. Mr. Anderson's appeal to the Facility Head was denied on October 18, 2013. Mr. Anderson's appeal to the Appeal Review Officer was denied on November 21, 2013. Having exhausted his administrative appeals, Mr. Anderson filed the instant action.

### III. DISCUSSION

Mr. Anderson challenges the disciplinary proceeding, arguing that 1) the hearing officer failed to consider all the evidence and that the evidence was insufficient to find him guilty; and 2) Department of Correction (DOC) policy was violated.

**A. Sufficiency of the evidence**

Mr. Anderson's first and third challenges to the disciplinary action both challenge the sufficiency of the evidence against him. In prison disciplinary proceedings, due process requires only "some evidence" in the record to support a finding of guilt. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Even a meager amount will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007).

To be guilty of Class A offense #106, one must have "[possessed] or [used] any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon." If prohibited items are found in a cell, that is sufficient to find that an inmate who occupies that cell possessed the item. *See Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992) (concluding that "some evidence" supported disciplinary charge where conduct report showed that prisoner was one of four inmates with access to vent containing contraband weapons). Here, the conduct report states that "two sharp shank like weapons" were found in a light fixture during a shakedown of Mr. Anderson's cell. This evidence is sufficient to satisfy the

"some evidence" standard. *See McPherson*, 188 F.3d at 786. Further, as noted in the Report of Disciplinary Hearing, photographic evidence also supports the finding of guilt.

Mr. Anderson's claim that the hearing officer did not consider all of the evidence is not supported by the record. The disciplinary hearing report shows that the hearing officer considered the staff reports, Mr. Anderson's statement, evidence from witnesses, and the pictures in reaching his decision.

Mr. Anderson also argues that he is not guilty of possession of a dangerous and deadly weapon and states "no items was found on or near my person and there is a clear statement from the other offender, admitting and taking full responsibility for them". (Dkt. 1 at p. 2). However, as explained above, when items are found in a cell occupied by an inmate, the inmate can be considered to be in possession of those items. *See Hamilton*, 976 F.2d at 345. Further, while Mr. Anderson's roommate may have admitted possession of the items, the hearing officer was not required to believe him. Again, the evidence here is sufficient to satisfy the lenient "some evidence" standard.

**B. Violation of DOC Policy**

Mr. Anderson also argues that his disciplinary conviction violates ADP DOC Policy 02-04-101, which provides that two offenders will not be charged for the same offense if one admits guilt. But federal habeas relief cannot be granted for violations of state law. *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). Further, federal habeas relief only available for violations of U.S. Constitution or other federal laws. See *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997). Accordingly, the Court cannot consider a claim premised on a violation of the ADP or other prison policy.

## IV. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Anderson to the relief he seeks. Accordingly, the Petition for Writ of Habeas Corpus (Dkt. 1) must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 08/14/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

JESSE ANDERSON
DOC 861361
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064